**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4029**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SCOTTY TYRONE SIMMONS,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:11-cr-00128-WO-1)

———————————

Submitted:  July 26, 2012         Decided:  August 1, 2012

———————————

Before MOTZ, DAVIS, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scotty Tyrone Simmons pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), § 924(a)(2) (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred in sentencing Simmons to 104 months of imprisonment.

We review Simmons' sentence for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the advisory Sentencing Guidelines range, failing to consider the § 3553(a) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, we discern no basis to conclude that Simmons' within-Guidelines sentence was either procedurally or substantively unreasonable. See United States v. Powell, 650 F.3d 388, 395 (4th Cir.) (noting this court presumes sentence

2

within applicable Guidelines range to be reasonable), <u>cert.</u> <u>denied</u>, 132 S. Ct. 350 (2011). Thus, this claim is without merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Simmons' conviction and sentence. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3